UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| PAUL D. HOPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:10-CV-076 JD |
| v. ) | |
| ) | |
| ORVILLE J. PERRY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Paul D. Hopkins, a *pro se* plaintiff, submitted an *in forma pauperis* petition and a complaint alleging violations of 28 U.S.C. § 1983. In the complaint, he alleges that he was denied medical treatment by the defendants when he was housed in the Jasper County Jail in February (and perhaps March) 2007. These claims are barred by the statute of limitations. Because there is no federal statute of limitations for § 1983 actions, courts apply the most appropriate state statute of limitations. Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). The Indiana statute of limitations applicable to § 1983 actions is the two-year period found in IND. CODE § 34-11-2-4. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001).

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . ..

*Jones v. Bock*, 549 U.S. 199, 215 (2007). In this case, the time for presenting these claims expired in February (or March) 2009, but this complaint was not filed until more than a year and a half later on September 24, 2010.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

ENTERED: November 23, 2010

      /s/ JON E. DEGUILIO
Judge
United States District Court